**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JASON CONTRERAS, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-24-CA-01227-XR |
| | § | |
| CAPITAL ONE BANK (USA) NA, | § | |
| *Defendant* | § | |

**ORDER ON MOTION TO DISMISS**

On this date, the Court considered Defendant's Motion to Dismiss (ECF No. 15), Plaintiff's Response (ECF No. 19), and Defendant's Reply (ECF No. 22). After careful consideration, Defendant's motion (ECF No. 15) is **GRANTED**.

**BACKGROUND**

Plaintiff, a pro se litigant, sued Defendant because of a negative report in his credit history and Defendant's alleged failure to investigate it. *See generally* ECF No. 1. At the outset, United States Magistrate Judge Henry J. Bemporad granted Plaintiff's request to proceed *in forma pauperis* but directed him to clarify his complaint. ECF No. 4. Judge Bemporad stated that "Plaintiff's Complaint does not plead facts sufficient for the Court to determine whether the complaint states a plausible claim for relief; it largely asserts legal conclusions unsupported by sufficient factual detail." ECF No. 4 at 4.

Plaintiff accordingly filed his First Amended Complaint. *See* ECF No. 8 at 1. He claims that Defendant "reported a negative [credit] account with [his] same name, different social security number and a different Date of Birth" and "Plaintiff is obviously not associated with this account." *See* ECF No. 8 at 3. He allegedly "discovered this account . . . and made eleven phone call disputes

1

with [Defendant]."  Defendant in turn "never actually investigated" and instead "told [Plaintiff] to dispute with credit Reporting Agency." *Id*. at 4.

Plaintiff also attached several exhibits to the First Amended Complaint, including letters between the parties. *See* ECF No. 8 at 9–24. They suggest that Defendant may have identified an account as belonging to Plaintiff, notified Plaintiff of a debt associated with the account, and sold the right to recover that debt to a third-party debt collector. *Id*. In the letters, Plaintiff repeatedly argued to Defendant that he had no connection to the account. *Id*.

Based on these alleged facts, Plaintiff asserts six causes of action:

(1) Violation of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)

(2) Violation of FCRA, 15 U.S.C. § 1681s-2(b)

(3) Violation of FCRA, 15 U.S.C. § 1681n

(4) Violation of FCRA, 15 U.S.C. § 1681o

(5) Violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e

(6) Violation of FDCPA, 15 USC 1692f

*Id*. Defendant moved to dismiss all claims for failing to state a claim upon which relief can be granted. *See* ECF No. 15.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**DISCUSSION**

**I. Fair Credit Reporting Act Claims**

Plaintiff asserts four claims under the FCRA.

**A. 15 U.S.C. § 1681s-2(a)**

Plaintiff has not stated a claim under 15 U.S.C. § 1681s-2(a) because this provision does not provide a private right of action. Section 1681s-2(a) establishes the "[d]uty of furnishers of information to provide accurate information." *Cf.* § 1681s-2(b) (establishing "[d]uties of furnishers of information upon notice of dispute"). Defendant admits that it is data furnisher and thus subject to the requirements of Section 1681s-2(a). ECF No. 15 at 4.

But "[t]he FCRA explicitly provides that there is no private right of action under § 1681 s-2(a) and that enforcement of this subsection is to be provided exclusively by government officials." *Rios v. Randolph Brooks Fed. Credit Union*, No. 5:13-CV-946-DAE, 2014 WL 3897806, at *3 (W.D. Tex. Aug. 8, 2014) (citing *Young v. Equifax Credit Info. Servs.*, Inc., 294 F.3d 631, 639 (5th Cir. 2002)); *accord*. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress limited the enforcement of the duties imposed by § 1681s–2(a) to governmental bodies."); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012).

Plaintiff's claim under 15 U.S.C. § 1681s-2(a) is therefore **DISMISSED**.

**B. 15 U.S.C. § 1681s-2(b)**

Plaintiff's claim under Section 1681s-2(b) must also be dismissed. This subsection establishes furnishers' duties "upon notice of dispute." 15 U.S.C. § 1681s-2(b). While there is not a private cause of action under Section 1681s-2(a), there is one under Section 1681s-2(b). But liability attaches only if the "furnisher of information fails to conduct a good faith investigation *after receiving notice* from a credit reporting agency ("CRA") of a dispute." *Rios*, 2014 WL 3897806, at *3 (emphasis added). In other words, "any private right of action [that the plaintiff]

4

may have under § 1681s–2(b) would require proof that a *consumer reporting agency* . . . had notified [the defendant] pursuant to § 1681i(a)(2)." *Young*, 294 F.3d at 639.

Plaintiff has not alleged that a consumer reporting agency notified Defendant of a dispute. As Defendant notes, "Plaintiff does not allege when or how he submitted a dispute to any particular CRA, whether or how any CRA communicated that dispute to [Defendant], or whether [Defendant] received such a dispute from the CRA." ECF No. 15 at 7.

As such, Plaintiff claim under Section 1681s-2(b) is **DISMISSED**.

### C. 15 U.S.C. §§ 1681n, 1681o

Section 1681n imposes liability on "[a]ny person who willfully fails to comply with any requirement" of the FCRA. 15 U.S.C. § 1681n(a). Section 1681o imposes liability for negligent non-compliance. § 1681o(a). But liability under these provisions may not be predicated on noncompliance with Section 1681s-2(a). *See* § 1681s-2(c); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (noting that "Subsection (c) expressly provides that sections 1681n & o 'do not apply to any failure to comply with subsection (a) of this section'" except for certain suits by states).

Plaintiff has only pled two grounds for Defendant's noncompliance: violating Sections 1681s-2(a) and (b). The former provision cannot support a claim and Plaintiff did not sufficiently plead the latter. Thus, he has failed to state claims under Sections 1681n and 16891o.

Plaintiff's claims under Sections 1681n and 1681o are **DISMISSED**.

## II. Fair Debt Collection Practices Act Claims

Plaintiff asserts two statutory causes of action under the FDCPA. *See* ECF No. 8 at 4–5. The provisions supporting these claims apply only to "debt collectors." *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation . . . ."); § 1692f ("A

debt collector may not use unfair or unconscionable means to collect any debt."). As is relevant here, a "debt collector" is defined as

(1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,"

(2) "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," or

(3) "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

15 U.S.C. § 1692a(6). Here, Plaintiff has not alleged that Defendant was a debt collector under the FDCPA. The Complaint and its exhibits only mention debt once: Plaintiff disputed an account that Defendant managed, that account owed a debt, and Defendant sold the right to collect that debt to a third party. These facts, if true, do not establish that Defendant was a debt collector. *Cf. Gowing v. Royal Bank of Canada*, 100 F.3d 962 (9th Cir. 1996) ("Because [the defendant] was collecting a debt on its own behalf, it was not a debt collector for the purposes of the FDCPA . . . .").

Because Plaintiff has not sufficiently pled that Defendant can be held liable under the FDCPA, his claims under the statute are **DISMISSED**.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**. Defendant's claims are **DISMISSED WITHOUT PREJUDICE**. Defendant has leave to file a Second Amended Complaint no later than **February 13, 2026**, if he can, in good faith, allege facts sufficient to establish liability under the FCRA and FDCPA.

6

It is so **ORDERED**.

**SIGNED** this 29th day of January, 2026.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE