Case No. 5:24-cv-01227-XR 2/2026

FILED.

FEB 12 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JASON CONTRERAS,
Plaintiff, Pro Se
v.
CAPITAL ONE BANK (USA), N.A.
EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendants.
Case No. 5:24-cv-01227-XR

PLAINTIFF'S SECOND AMENDED COMPLAINT
(JURY TRIAL DEMANDED)

I. JURISDICTION AND VENUE
This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this° action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendants conduct business here.

II. PARTIES
Plaintiff Jason Contreras is a consumer under 15 U.S.C. § 1681a(c).

Defendant Capital One Bank (USA), N.A. is a furnisher of credit information under 15 U.S.C. § 1681s-2.

Defendant Experian Information Solutions, Inc. is a consumer reporting agency under 15 U.S.C. § 1681a(f).

III. FACTUAL ALLEGATIONS
Plaintiff never opened, authorized, or benefited from the Capital One account at issue.

Capital One furnished a negative tradeline to Experian attributing an account to Plaintiff that contained:
a. Plaintiff's name
b. A different Social Security number
c. A different date of birth
Information bearing mismatched identifiers is inaccurate as a matter of law.
See Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998).
This tradeline was the only negative item on Plaintiff's credit report.

Plaintiff applied for credit and was denied, with the Capital One tradeline cited as the adverse factor.
Plaintiff disputed the account with Experian on July 2024, October 2, 2024, and October 31, 2024.
Experian transmitted dispute notices to Capital One pursuant to 15 U.S.C. § 1681i(a)(2).

Capital One received notice and was legally obligated to conduct a reasonable investigation.
Capital One nevertheless verified the account as accurate without reconciling mismatched SSN and DOB, constituting an unreasonable investigation.
Mechanical verification without meaningful review violates the FCRA.

See Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 431 (4th Cir. 2004).
Capital One continued furnishing the false tradeline and sold or transferred the account to Consumer Portfolio Services, disseminating Plaintiff's personal data.

Consumer Portfolio Services later deleted the account, confirming the information was inaccurate.

Experian continued reporting the tradeline during reinvestigation despite obvious indicators of error.
Plaintiff suffered credit denial, lost credit opportunity, emotional distress, and reputational harm.

IV. LEGAL STANDARD
A complaint survives dismissal when it alleges facts rendering claims plausible.
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007);

Ashcroft v. Iqbal, 556 U.S. 662 (2009).
Plaintiff pleads statutory notice, unreasonable investigation, causation, and damages.

V. CAUSES OF ACTION
COUNT I
FCRA Furnisher Liability
15 U.S.C. § 1681s-2(b)
(Against Capital One)
Capital One received notice of dispute from Experian.

Upon notice, a furnisher must reasonably investigate and correct inaccuracies.
Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002).

A furnisher violates §1681s-2(b) when it verifies inaccurate data without addressing identity mismatches.
Hines v. Equifax Info. Servs., LLC, 2021 WL 4480194 (5th Cir.).

Capital One's investigation was unreasonable as a matter of law.

COUNT II
CRA Reinvestigation Failure
15 U.S.C. § 1681i(a)
(Against Experian)
Experian failed to conduct a reasonable reinvestigation.

A CRA cannot rely solely on furnisher responses when accuracy is in doubt.
Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).

Experian's conduct caused Plaintiff actual damages.

COUNT III
Willful Noncompliance

15 U.S.C. § 1681n
Defendants acted in reckless disregard of Plaintiff's rights. Willfulness includes reckless failure to investigate.
Safeco Ins. Co. v. Burr, 551 U.S. 47, 56-58 (2007).

COUNT IV
Negligent Noncompliance
15 U.S.C. § 1681o
Defendants' negligence caused Plaintiff foreseeable harm.

VI. DAMAGES
Plaintiff suffered:
Credit denial, Lost financial opportunity,
Emotional distress, Time and expense disputing false information, Emotional distress is compensable without physical injury.
Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

VII. RELIEF REQUESTED
Plaintiff seeks:
A. Actual damages
B. Statutory damages
C. Punitive damages
D. Costs and fees
E. Injunctive relief
F. Jury trial

VIII. JURY DEMAND
Plaintiff demands trial by jury on all issues.

Respectfully submitted,
Jason Contreras
Plaintiff, Pro Se

